**CV 14-3255**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2014 ★
BROOKLYN OFFICE

-----------------------------------------------------------

WILSON MARTINES,

                      Plaintiff,

-against-

THE CITY OF NEW YORK and Police Officers "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                      Defendants.

**COMPLAINT**

**COGAN, J.**

JURY TRIAL DEMANDED

-----------------------------------------------------------

Plaintiff, WILSON MARTINES, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, WILSON MARTINES, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On or about February 28, 2014, at approximately 8:00 p.m., plaintiff WILSON MARTINES, was lawfully present in front of his home at 295 Hart Street in Kings County in the State of New York.

14.     At that time and place, the defendant officers approached plaintiff's neighbor and placed him under arrest.

15.     Believing that the defendants were utilizing unnecessary force in effectuating that arrest, plaintiff began to film the incident on his cellular phone.

16.     Thereafter, and without provocation, one of the officers approached plaintiff and began to berate him.

17.     Said officer then struck plaintiff about the face with a closed fist.

18.     From there, several defendant officers began to physically assault the plaintiff, striking him about the face, head, body, legs, and genitals.

19.     Plaintiff was then placed in handcuffs by the defendant officers.

20.     While in handcuffs, one of the defendant officers deployed what was, upon information and belief, mace or pepper spray, into the plaintiff's eyes and the open wounds caused by the defendants' previously described actions.

21. At no time on February 28, 2014 did plaintiff present any threat of physical force to the defendant officers or any other individual or property.

22. At no time on February 28, 2014 did plaintiff commit any crime or violation of law.

23. The defendants did not possess probable cause to arrest plaintiff.

24. The force employed by the defendants was objectively unreasonable and was not privileged in any way.

25. Defendants thereafter transported plaintiff to a nearby police precinct.

26. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

27. As a result of the defendants' conduct, the plaintiff was charged with one count each of Resisting Arrest and Disorderly Conduct.

28. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately thirty-six hours in custody.

29. Despite defendants' actions, the charges against plaintiff were adjourned in contemplation of dismissal on April 28, 2014.

30. As a result of the foregoing, plaintiff WILSON MARTINES sustained, *inter alia*, physical injury, including but not limited to a broken nose, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, WILSON MARTINES, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

41. As a result of the foregoing, plaintiff, WILSON MARTINES, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

42. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

44. Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

45. As a result of the foregoing, plaintiff, WILSON MARTINES, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. Defendants arrested and incarcerated plaintiff, WILSON MARTINES, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

51. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

52. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, WILSON MARTINES.

53. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

59. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

60. On or about March 14, 2014, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

61. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on May 12, 2014.

63. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### FIFTH CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

66. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

67. At the aforesaid place and time, the individually named defendants did cause plaintiff, WILSON MARTINES, to be unlawfully assaulted and battered, without cause or provocation.

68. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

69. As a result of the aforesaid assault and battery, plaintiff, WILSON MARTINES, was injured, both physically and mentally.

### SIXTH CLAIM FOR RELIEF
### FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

70. Plaintiff, WILSON MARTINES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

71. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

72. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

73. As a result of the foregoing plaintiff, WILSON MARTINES, was caused to sustain physical and emotional injuries.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

74. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

75. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

76. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

77. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

 iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
   May 20, 2014

         Respectfully submitted,

         **LAW OFFICES OF MICHAEL S.**
         **LAMONSOFF, PLLC**
         *Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
   80 Maiden Lane, 12th Floor
   New York, New York 10038
   (212) 962-1020